UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANNER HEALTH f/b/o BANNER GOOD SAMARITAN MEDICAL CENTER, *et al.*,<br>　　Plaintiffs<br><br>　　v.<br><br>SYLVIA M. BURWELL, Secretary of the U.S. Department of Health and Human Services,<br>　　Defendant | Civil Action No. 10-1638 (CKK) |

**MEMORANDUM OPINION**
(March 31, 2016)

On September 2, 2015, the Court issued a lengthy Memorandum Opinion and resolved all of the parties' then-pending dispositive motions, including their cross-motions for summary judgment. *See Banner Health v. Burwell*, 126 F. Supp. 3d 28, 2015 WL 5164965 (D.D.C. 2015). In order to put that opinion and this final opinion in context, it is important to note briefly the history of the prior opinions the Court has issued over the years. *See Banner Health v. Sebelius*, 797 F. Supp. 2d 97 (D.D.C. 2011) (resolving motion to dismiss); *Banner Health v. Sebelius*, 905 F. Supp. 2d 174 (D.D.C. 2012) (resolving renewed motion to dismiss or for judgment on the pleadings); *Banner Health v. Sebelius*, 945 F. Supp. 2d 1 (D.D.C. 2013) (resolving motion to compel regarding administrative record) *decision vacated in part on reconsideration*, No. CV 10-01638 (CKK), 2013 WL 11241368 (D.D.C. July 30, 2013); *Banner Health v. Burwell,* 55 F. Supp. 3d 1 (D.D.C. 2014) (resolving motion to amend complaint); *see also* Minter Order dated Oct. 14, 2015 (denying Plaintiffs' [151] Motion for Clarification). The Court makes the opinions referenced here and the associated orders part of this opinion in order to provide the necessary context for this Court's final resolution to the remaining issues in this case.

1

This past September, the Court granted summary judgment to Defendant on all issues except for one issue regarding the fiscal year ("FY") 2004 fixed loss threshold rulemaking. The Court remanded that rule to the agency to allow the agency to explain its decision regarding its treatment of certain data, or to recalculate the fixed loss threshold for that fiscal year if necessary. Specifically, the Court concluded that it was necessary for the agency "to explain further why it did not exclude the 123 identified turbo-charging hospitals from the charge inflation calculation for FY 2004." *Id.*, 2015 WL 5164965, at *45. The Court retained jurisdiction only pending the "limited remand to the agency regarding the FY 2004 rulemaking." Order, ECF No. 149, at 2. Subsequently, the agency published a notice in the Federal Register on January 22, 2016, providing a further explanation for the FY 2004 fixed loss threshold rule. *See* 81 Fed. Reg. 3,727 (Jan. 22, 2016). The agency determined that no recalculations were necessary. When that Federal Register notice was filed with the Court, the Court noted that the explanation provided by the agency on remand is more detailed and fulsome than the agency's initial explanation and includes analysis that addresses the Court's prior concerns about the deficiency of the original rulemaking. That said, the Court ordered limited additional briefing on February 2, 2016, regarding the sufficiency of that notice in light of the issues that required the remand in the first instance. The supplemental briefing ensures that the parties' positions were fully presented to the Court. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court concludes that the agency has satisfied its task on remand and has provided an adequate explanation for the FY 2004 fixed loss threshold rule. Accordingly, the Court GRANTS

---

[1] The Court's consideration has focused on Defendant's Notice in response to this Court's prior orders, ECF No. 155, and the supplemental briefing that the parties subsequently submitted as directed by this Court, ECF Nos. 160-162.

summary judgment to Defendant on the remaining issue in this case and dismisses this case in its entirety.

**Analysis**

There are two issues before this Court. First, has the agency satisfied its task on remand in responding to this Court's September 2, 2015, Order? That is, has it explained why the agency "did not exclude the 123 identified turbo-charging hospitals from the charge inflation calculation for FY 2004." Second, has the agency's explanation in response to that question introduced new problems or inconsistencies? *See Alpharma, Inc. v. Leavitt*, 460 F.3d 1, 9-10 (D.C. Cir. 2006).

Before addressing both of those questions, the Court reiterates the narrow scope of the remaining issues in this case. In ordering the supplemental briefing that has now been filed, the Court emphasized that the supplementary briefing was not an opportunity to revisit issues that the Court has already conclusively decided and that it was not an opportunity for Plaintiffs to expand the modest scope of the issues remaining in this case. Plaintiffs have tried to do so. But the Court need not dignify the arguments that are not properly before the Court by addressing them any further.[2]

Turning to the first issue that is properly before the Court, the adequacy of the agency's explanation about why it did not exclude the 123 "turbo-charging hospitals" from the FY 2004 calculations, the Court concludes that the agency's explanation is adequate. The Court need not reiterate the agency's explanation at length—enough ink has been spilled in this case already. The Court finds the agency's explanations in its Federal Register notice persuasive. The Court also finds that none of Plaintiffs' arguments undermine the *persuasiveness* of that explanation, let

---

[2] In any event, the Court would note that, upon reviewing Plaintiffs' wide-ranging arguments regarding the flaws in the FY 2004 fixed loss threshold rulemaking, it does not appear that those arguments would prevail on the merits, either.

alone the *reasonableness* necessary to survive this Court's deferential review. In short, it is reasonable that the agency concluded that the *other* changes to the fixed loss threshold calculation scheme that were implemented in 2003—as detailed at great length in this Court's September 2, 2015, Memorandum Opinion—were sufficient to account for the problem of turbo-charging.[3] It is also sufficient that the agency concluded that *excluding* the 123 hospitals from the data analysis would hurt, rather than improve, the overall quality of the data.[4]

With respect to the second issue properly before the Court, whether the agency has introduced any *new* problems into the explanation necessitated by this Court's remand, *see Alpharma*, 460 F.3d at 9, the Court concludes that it has not done so. The Court first notes that, even if were there new problems regarding aspects of the explanation that are *outside* the scope of the remand in this case, those problems would not be properly before the Court. Simply because other issues arise within the same Federal Register notice as the explanation responding to this Court's remand does not expand the remaining scope of this case. That said, the Court concludes that no new problems have been introduced in the agency's explanation of the issue on remand from this Court or otherwise. As far as the alleged problems identified by Plaintiffs plausibly pertaining to the issue on remand from this Court, it is clear that the agency's 2016 explanation of the selection of the 50 hospitals likely to be reconciled is consistent with the

---

[3] The Court need not reiterate the standard of review applicable to these proceedings at length. *See Banner Health*, 2015 WL 5164965, at *18. But the Court notes that "sufficient" does not mean perfect. Sufficient in this context means a reasonable way of responding to a difficult problem within the confines of the complex statutory scheme that Congress has entrusted to the agency to administer.

[4] The Court considers questions regarding the 50 hospitals identified for reconciliation to be outside the scope of the agency's task on remand from *this Court*. That said, the Court notes that the agency's explanation of the disparate treatment of 50 hospitals that were most likely to undergo reconciliation is reasonable. So, too, is the agency's explanation of its process for choosing those hospitals. And that explanation is consistent with, albeit more detailed than, the explanations provided in the several related rulemakings in 2003.

related explanations in the several 2003 Federal Register notices, for the reasons stated by the agency. *See* Def.'s Supp. at 8-9. With respect to the reference to FY 2004 in the current Federal Register Notice, *see* 81 Fed. Reg. at 3,728, the agency has acknowledged that reference to be a typographical error. Indeed, based on the text of the rule and the context of the fixed loss threshold scheme, it is apparent that the reference is a typographical error. While such errors are inadvisable, this error in no way undermines the coherence of the agency's analysis on remand.

In sum, the Court concludes that the agency has satisfied its task on remand, providing a reasonable explanation for the decision not to *exclude* the 123 turbo-charging hospitals from the calculations used to establish the FY 2004 fixed loss threshold. Plaintiffs have not identified any flaws in the 2016 rulemaking that undermine that conclusion. Finally, the Court emphasizes, yet again, the Plaintiffs' other arguments are simply outside of the scope of the issues that remain in this case for the Court to decide, and the Court will not address them further.

**Conclusion**

For the reasons stated above, the Court GRANTS summary judgment to Defendant regarding the remaining issue in this case, the portion of Plaintiff's challenge to the FY 2004 rulemaking that required a remand to the agency. In light of this conclusion and the Court's Memorandum Opinion and Order issued on September 2, 2015, summary judgment is now GRANTED to Defendant in full. This case is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 31, 2016

                                                                       /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge